# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

------------------------------------------------------------------X

**KATHRYN ROBB,**

<em>Plaintiff,</em>

-against-

**GEORGE ROBB JR., GLEN FEINBERG, COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and FULLERTON BECK, LLP,**

<em>Defendant.</em>

------------------------------------------------------------------X

**Index No.: _____/24**

**Plaintiff designates NEW YORK COUNTY as place of trial.**

**The basis of venue is the place where the cause of action accrued and Defendant's residence address**

**<u>SUMMONS</u>**

**Plaintiff's residence address is 26 Bowker Street Lexington MA, 02421**

To the above named defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case your failure to appear or answer, judgment will be taken for the relief demanded herein.

    **A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NEW YORK COUNTY ON MAY 9, 2024 IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
      May 9, 2024

                                  MERSON LAW, PLLC

                                    By: _____
                                        Jordan K. Merson
                                        Sarah R. Cantos
                                        950 Third Avenue, 18th Floor
                                        New York, New York 10022
                                        (212) 603-9100

TO:

GEORGE ROBB JR
35 Vestry Street., Apt 6
New York, NY 10013

-and-

3830 Sunrise Lane
Key West, Florida 33040

GLEN FEINBERG
3 Munson Road
Pleasantville, NY 10570

COFFEY MODICA O'MEARA, LLP
200 E Post Road, Suite 210
White Plains, NY 10601

FULLERTON BECK, LLP
4 W Red Oak Lane, Suite 203
White Plains, NY 10604

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
--------------------------------------------------------------------X
**KATHRYN ROBB,**

                           *Plaintiff,*

Index No.: _____/24

              -against-

**VERIFIED COMPLAINT**

**GEORGE ROBB JR., GLEN FEINBERG, COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and FULLERTON BECK, LLP,**

                         *Defendant.*
--------------------------------------------------------------------X

       Plaintiff **KATHRYN ROBB** ("Plaintiff"), by and through her attorneys at **MERSON LAW, PLLC**, and as for his Verified Complaint in this action against Defendants **GEORGE ROBB JR.** ("Mr. Robb"), **GLEN FEINBERG** ("Mr. Feinberg"), **COFFEY MODICA O'MEARA, LLP** ("Coffey Modica"), **and FULLERTON BECK, LLP** ("Fullerton Beck"), (collectively, "Defendants"), respectfully alleges, upon information and belief, as follows:

## PARTIES

       1.     Plaintiff is an adult woman who was sexually abused as a child by her older brother, defendant George Robb Jr. Specifically, Plaintiff was sexually abused by Mr. Robb, hundreds of times. Defendant admitted to performing oral sex on Plaintiff because he wanted to, even though he knew it was wrong.

       2.     Plaintiff has spent over 16 years traveling across the country to lobby and fight for meaningful child sex abuse legislation often testifying before various state legislatures about her

own experience being sexually abused and advocating for legislation which would provide survivors of childhood sexual abuse the opportunity to have their day in court.

3.      Plaintiff's advocacy experience includes 12-years of advocating for survivors of sexual abuse in New York state, working closely with New York state lawmakers to pass the Child Victims Act (CPLR 214-g) ("CVA"), which was signed into law on February 14, 2017.

4.      Plaintiff currently serves as the Executive Director of ChildUSAdvocacy which lobbies for legislation to protect children from sexual abuse and for statutes of limitations that allow survivors of childhood sexual abuse to pursue justice.

5.      Plaintiff filed a lawsuit against Mr. Robb on August 14, 2019 when the CVA window opened under the index number 950000/2019 (the "CVA Lawsuit"). Based on information and belief, Plaintiff was the first filed CVA lawsuit in New York County.

6.      Based upon information and belief, Mr. Robb created the GR 2002 Trust in an attempt to shield assets from creditors, including Plaintiff.

7.      Based on information and belief, Mr. Robb created REMCO, LLC, to shield assets from creditors, including Plaintiff.

8.      At all times herein mentioned, Mr. Robb resides in Monroe County, Florida.

9.      At all times herein mentioned, Mr. Robb owns property in and regularly conducts business in the State of New York.

10.     At all times herein mentioned, Mr. Robb controls a P.O. Box located at P.O. Box 610280, Bayside, NY 11361 which he uses several of the LLCs he has created including 315 Catherine Street, LLC, REMCO, LLC, RRC Recovery, LLC,  and the GR 2002 Trust.

11.     At all times herein mentioned, Mr. Robb was represented by Mr. Feinberg in two CVA actions brought against him in the Supreme Court of the State of New York, New York County, including Plaintiff's CVA Lawsuit.

12.     On or about September 9, 2020, Mr. Feinberg joined the firm Fullerton Beck, LLP and represented Mr. Robb as a member of Fullerton Beck. Mr. Feinberg filed a notice of appearance for Fullerton Beck on September 24, 2020.

13.     On or about November 17, 2022, Mr. Feinberg joined the firm Coffey Modica O'Meara Capowski LLP and represented Mr. Robb as a member of Coffey Modica.

14.     At all relevant times herein mentioned, Defendant FULLERTON BECK, LLP was the law firm that represented Mr. Robb in the CVA Lawsuit.

15.     At all times herein mentioned, Defendant FULLERTON BECK, LLP's principal place of business was and is located at 4 W. Red Oak Ln, Suite 203, White Plains, NY 10604.

16.     At all relevant times herein mentioned, Defendant GLEN FEINBERG was a member, agent, servant and/or employee of Defendant FULLERTON BECK, LLP.

17.     At all relevant times herein mentioned, Defendant COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP was and is the law firm that represented Mr. Robb in the CVA Lawsuit.

18.     At all times herein mentioned, COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP was and is located at 200 E. Post Road, Suite 210, White Plains, New York 10601.

19.     At all relevant times, Defendant GLEN FEINBERG was a member, agent, servant and/or employee of Defendant COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP.

## **FACTS**

### *A. The CVA Lawsuit*

20.     By Order dated December 3, 2021 and entered December 6, 2021, Plaintiff was awarded summary judgment, leaving damages as the only issue at trial.

21.     Over the following 10 months, Mr. Feinberg filed five discovery motions seeking four nonparty depositions including Plaintiff's sister whom Mr. Robb also sexually abused, two of Plaintiff's ex-husbands, Plaintiff's expert and Plaintiff's former treating physician and the second deposition of Plaintiff and Mr. Robb's 92 year old mother, and conducted three nonparty depositions.

22.     Mr. Feinberg and Mr. Robb repeatedly requested that the Court not schedule trial at every conference with the court including on February 18, 2022; March 10, 2022; and October 11, 2022 and in correspondences with the court including on January 6, 2022; March 31, 2022; May 9, 2022; and June 24, 2022.

23.     On March 31, 2023, Plaintiff's counsel and Mr. Feinberg appeared for a conference to schedule trial in this matter.

24.     At said conference, Mr. Feinberg repeatedly represented that Mr. Robb was "asset rich but liquidity poor".

25.     Mr. Feinberg urged the Court that going to trial would be a shame for everyone involved and Plaintiff would get nothing out of going to trial.

26.     Mr. Feinberg claimed that going to trial would not be in anyone's best interest because Mr. Robb did not have any money and wanted to do right by Plaintiff and his other sister who he sexually abused.

27.     Mr. Feinberg acknowledged that Mr. Robb did terrible and embarrassing things at his deposition and expressed Mr. Robb's desire to settle the case.

28.     Mr. Feinberg represented that if the case proceeded to trial, he may have to withdraw as counsel because Mr. Robb had not paid him, Coffey Modica or Fullerton Beck.

29.     Ultimately, the Court scheduled trial for June 10, 2023 and jury selection for July 5, 2023.

30.     Plaintiff and Mr. Robb, through their attorneys including Mr. Feinberg, negotiated a settlement on the eve of trial.

31.     Throughout the litigation the parties had multiple conversations regarding settlement and Mr. Feinberg produced a total of three Statements of Financial Conditions and/or Financial Statements dated June 30, 2019, September 30, 2021 and June 30, 2023, respectively.

32.     Mr. Feinberg repeatedly represented that Mr. Robb had no control over the GR 2002 Trust and that the same could not be used to fund a judgment, but could be used to fund a settlement.

33.     Throughout settlement negotiations, Mr. Feinberg repeatedly represented that Mr. Robb was essentially judgment proof and that Plaintiff's best chance of recovery was to settle the case, as opposed to proceeding to a damages only trial.

34.     As part of the settlement agreement (attached hereto as Exhibit 1), the parties acknowledged that Plaintiff relied on the representations made by Mr. Robb and Mr. Feinberg regarding Mr. Robb's assets:

> L.  Kathryn Robb has relied on George Robb's representations as to his assets as set forth in the annexed Exhibit A and as set forth in all communications from George Robb's attorneys to Kathryn Robb's attorneys, all of which are incorporated herein by reference, in agreeing to settle for the sums set forth in the agreement:

35.     According to the settlement agreement, Mr. Robb agreed to pay and Plaintiff agreed to accept $3,750,000.00 and Mr. Robb consented to the entry of judgment against him and in favor of Plaintiff:

> G. George Robb, Jr., consents to the entry of judgment against him in favor of Kathryn Robb in the amount of $3,750,000.00, to be entered by the clerk of court forthwith in the form annexed hereto;

36.     The agreement included that the settlement amount would be paid in three installments, the first coming due on or before September 30, 2023.

> B. The first payment of one million five hundred thousand United States Dollars ($1,500,000.00usd) shall be paid by George Robb Jr, and received by Kathryn Robb as set forth above on or before September 30, 2023 (the "First Payment"):

37.     Plaintiff and Mr. Robb agreed that if Defendant defaulted on either of the first two payments required under the settlement agreement, the matter would proceed to an immediate trial and that both parties had no right to object to any date that the Court was available:

> C. The trial in this action shall be adjourned until October 5, 2023 or as soon as the Court is available thereafter (neither party has the right to object to any date that the Court is available) to be scheduled immediately after the signing of this Agreement, and the trial will proceed on October 5, 2023 or as soon thereafter as the Court is available, if the First Payment is not made in full:

> E. The trial in this action shall be adjourned from October 5, 2023 until October 5, 2024 or as soon as the Court is available thereafter (neither party has the right to object to any date that the Court is available) to be scheduled immediately after the First Payment is received, and the trial will proceed on that date if the Second Payment is not made in full;

38.     The settlement agreement provided that if, at any time before the settlement amount was fully paid, Plaintiff discovered any assets, excluding personal property, which Mr. Robb failed to disclose, Plaintiff would have the option to take possession of the same at her option:

Jr.'s counsel;

K. If at any time up to final payment, Kathryn Robb discovers any assets of George Robb, Jr., excluding personal property (which are possessions of George E. Robb, Jr. that can be physically touched, including but not limited to vehicles, jewelry, collectibles, electronics, furniture, clothing, books, and household items) that were not disclosed in the Statement of Financial Condition (attached to this document as Exhibit "A"), she may take possession/title of such assets at her option and discretion and may apply for any injunctive relief to this Court to obtain same;

39.     The settlement agreement annexed a financial statement of Mr. Robb which purportedly delineated Mr. Robb's assets.

40.     As part of the financial statement, Mr. Robb and Mr. Feinberg provided an "Addendum to Financial Statement" which provided that some of the property listed in the "Schedule of Real Estate" was owned by REMCO, LLC, which was owned by the GR 2002 Trust and that Mr. Robb only had a 1% interest in REMCO, LLC:

### Addendum to Financial Statement

- Clove Hill Manor LLC is owned by Remco LLC which is owned by the GR Trust.
- Option in 315 Catherine Street LLC can only be realized upon a sale of the property.
- 35 Vestry Street is owned by Remco LLC which is owned by the GR Trust. George Robb has a 1% Interest in Remco.
- 124 East 13th St PH, owned by Remco which is owned by the GR Trust.

41.     Plaintiff and Mr. Robb agreed that Mr. Robb would not use any proceeds from the sale of the property at 35 Vestry Street for any purpose other than to pay Plaintiff until Plaintiff was paid in full:

N. George Robb, Jr., will not use the proceeds of, nor encumber nor further mortgage the unit he owns at 35 Vestry Street for any purpose other than to pay Kathryn Robb until Kathryn Robb is paid in full by George Robb, Jr.

42.    Plaintiff agreed to forebear from pursing collection of the judgment pending Mr. Robb's compliance with the settlement agreement:

> H. Kathryn Robb hereby agrees to forebear from pursuing collection of the judgment pending George Robb, Jr.'s full compliance with the terms and conditions of this Agreement;

43.    The settlement agreement was subject to a covenant of good faith and fair dealing:

> O. This agreement is subject to a covenant of good faith and fair dealing.

### B. Material Misrepresentations of Mr. Robb's Assets

44.    Throughout settlement negotiations, Mr. Robb and Mr. Feinberg repeatedly claimed that Mr. Robb had no control over the GR 2002 Trust and that the assets therein would not be available to satisfy a judgment, but could be available to satisfy a settlement.

45.    However, according to Mr. Robb's tax documents, Mr. Robb is the trustee of GR 2002 Truste and, therefore, it is a revocable trust and subject to the reach of creditors, including Plaintiff.

46.    Throughout settlement negotiations, Mr. Robb and Mr. Feinberg repeatedly claimed that Mr. Robb was judgment proof and Plaintiff's best chance of recovering for the sexual abuse she endured as a child was to settle the CVA lawsuit.

47.    In Mr. Robb's Financial Statement annexed to the settlement agreement, he claimed he had a 1% interest in REMCO, LLC.

48.    On September 22, 2023, Mr. Feinberg advised Plaintiff's counsel that Mr. Robb intended to breach the settlement agreement.

49.    Mr. Feinberg advised that Mr. Robb and/or REMCO, LLC sold a property located at 124 East 13th Street and Mr. Robb received $600,000.00.

50.    Based on publicly available documents, the subject property was sold for $7,000,000.00.

51.    Accordingly, Mr. Robb has, at least, a 40% interest in REMCO, LLC.

52.    Mr. Robb uses his home address at 3730 Sunrise Lane, Key West, FL 33040 as an address for REMCO, LLC.

53.    Mr. Robb is and/or was the Managing Member of REMCO, LLC

C. *Failure to Disclose Millions of Dollars of Assets and Yearly Income*

54.    On September 22, 2023, Mr. Feinberg advised Plaintiff's counsel that Mr. Robb intended to fund the first payment of the settlement agreement from a reverse IPO in Unifund.

55.    On September 27, 2023, Mr. Feinberg indicated that Mr. Robb intended to fund the first payment of the settlement from "the investment in Unifund".

56.    No investment in Unifund was ever disclosed in any of Mr. Robb's financial disclosure.

57.    To provide proof of the reserve IPO, Mr. Feinberg forwarded an email from the "investment manager", who, based on information and belief, was the Director, Head of Internal Sales-Alternative Investments at Bank of America.

58.    The email includes information about shares for retain investors, entitlement of existing shareholders to additional unrestricted shares and the requirements for eligibility of existing shareholders to additional unrestricted shares.

59.    After Plaintiff attempted to exercise her option to take possession and title of Mr. Robb's undisclosed investment in Unifund, on September 29, 2023, Mr. Feinberg claimed that

the asset was disclosed as part of the "$5.2 million listed under Investments in Own Business" in the Financial Statement annexed to the settlement agreement.

60.     Mr. Robb does not own Unifund.

61.     On October 2, 2023, Mr. Feinberg admitted that Mr. Robb did not have any "equity interest" in Unifund, directly or indirectly.

62.     Mr. Feinberg then represented that the investment in Unifund was a "subordinate loan".

63.     On October 16, 2023, Mr. Feinberg represented to the Court that the "Unifund transaction" was disclosed to Plaintiff in an email on November 4, 2020 which attached a Statement of Financial Condition of Mr. Robb dated June 30, 2019 ("the 2019 Statement of Financial Condition").

64.     Unifund is not listed on the Statement of Financial Condition or in the email.

65.     To the Court, Mr. Feinberg claimed that the 2019 Statement of Financial Condition listed the "Unifund transaction" as "Techwood Holdings".

66.     Based on information and belief, Mr. Robb does not own Techwood Holdings.

67.     The 2019 Statement of Financial Condition listed the value of Techwood Holdings as $4,000,000.00—not $5,200,000.00

### D. Plaintiff was Fraudulently Induced to Enter into The Settlement Agreement

68.     Mr. Robb and Mr. Feinberg knew that they were materially misrepresenting Mr. Robb's interest and control of GR 2002 Trust and REMCO, LLC.

69.     Mr. Robb and Mr. Feinberg knew that they omitted material financial information that would have materially changed the settlement agreement in this case.

70.    Mr. Robb and Mr. Feinberg knew that Plaintiff relied on their representations with respect to Mr. Robb's assets in agreeing to settle the matter and not proceed to a trial on damages only.

71.    Mr. Feinberg negotiated the terms of the settlement on behalf of Mr. Robb which included an acknowledgement that Plaintiff relied on the representations made regarding Mr. Robb's financial condition.

72.    Mr. Robb signed the settlement agreement which included an acknowledgement that Plaintiff relied on the representations made regarding Mr. Robb's financial condition.

73.    Based upon information and belief, Mr. Robb had no intention of complying with the settlement agreement.

74.    Based upon information and belief, Mr. Feinberg knew that Mr. Robb had no intention of complying with the settlement agreement.

75.    Plaintiff was skeptical of Mr. Robb and Mr. Feinberg's honesty concerning Mr. Robb's assets, which is why she negotiated in the provisions of the settlement agreement to take possession of assets not disclosed in the financial statements and representations by Mr. Robb and Mr. Feinberg and the provisions which guaranteed her an immediate trial if Mr. Robb defaulted on the payments.

76.    Mr. Robb and Mr. Feinberg knew that Plaintiff would not agree to settle the case unless Mr. Robb agreed to proceed to an immediate trial in the CVA Lawsuit in the event of a default.

77.    Mr. Robb and Mr. Feinberg knew that Plaintiff did not trust Mr. Robb or Mr. Feinberg's representations of Mr. Robb's assets and that she would not agree to settle the CVA Lawsuit without a guarantee that Mr. Robb was fully disclosing his assets.

78.     Mr. Feinberg and Mr. Robb were made these assurances with the intent to induce Plaintiff's reliance on the same, as memorialized in the settlement agreement as well as multiple communications from Mr. Feinberg to Plaintiff's counsel regarding settlement.

79.     With those assurances, Plaintiff reluctantly agreed to settle the matter and not proceed to trial.

80.     Mr. Robb and Mr. Feinberg's actions since the initial breach of the settlement agreement confirms that Mr. Robb had no intention of complying with the settlement agreement when he entered into the settlement agreement.

81.     Despite the settlement agreement providing that if Mr. Robb did not complete the first payment under the settlement agreement on or before September 30, 2023 a trial would be held on October 5, 2023 or as soon thereafter as the Court was available, Mr. Feinberg has repeatedly objected to the Court putting this matter on for trial.

82.     Despite Mr. Robb and Mr. Feinberg agreeing to the settlement amount being entered as a Judgment by the Clerk of the Court, on October 5, 2023, Mr. Feinberg on behalf of Mr. Robb has objected to the Court setting a date for trial without the Judgment being vacated.

83.     On February 5, 2024, Mr. Feinberg objected to a trial in this matter because Plaintiff had filed two motions concerning Mr. Robb's breach that were "*sub judice*".

84.     Plaintiff aggressively litigated the CVA Lawsuit with the intention of having a jury determine the amount of damages so that she could finally tell her story.

85.     Based on Mr. Robb and Mr. Feinberg's representations about Mr. Robb's assets, including that the assets in the GR 2002 Trust were judgment proof and that Mr. Robb's assets were protected from creditors, Plaintiff decided to accept a settlement.

86.     Mr. Robb has refused to turnover, as required by the settlement agreement, his interest in Unifund or even identify the current value of the interest.

87.     As a result of Defendants material misrepresentations and omissions, Plaintiff has suffered damages  including but not limited to a denial of her rights under the settlement agreement, denial of between $4,000,000.00 and $10,000,000.00 of undisclosed assets, a resolution of the CVA Lawsuit, severe emotional damages from being revictimized and deceived by her brother, Mr. Robb, and Mr. Feinberg.

## AS AND FOR A FIRST CAUSE OF ACTION FOR FRAUD

### (As to All Defendants)

88.     Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

89.     At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP, and/or their agents, servants and/or employees acted with an intent to deceive and/or defraud Plaintiff when it materially misrepresented facts to Plaintiff including, but not limited to, the financial condition of Mr. Robb, how Mr. Robb was effectively judgment proof, Mr. Robb's control and interest in GR 2002 Trust and/or REMCO, LLC., and how Plaintiff's only chance of recovery in the CVA Lawsuit was to settle.

90.     At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their

agents, servants and/or employees were aware of the falsity of the materially misrepresented facts at the time that they presented them to Plaintiff.

91. At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees acted knowingly with the intent to deceive and/or defraud Plaintiff and induce her reliance on the representations made by Defendants in an effort to get her to enter into a settlement agreement in the CVA Lawsuit.

92. At all times herein mentioned, Plaintiff reasonably and justifiably relied on the material misrepresentations provided to her by Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees to her own detriment.

93. As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish, as well as between four and ten million dollars of Defendants' assets she should recover as part of the settlement.

94. As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA

CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

95.    By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

96.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

97.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

98.    This action falls within the exceptions of Article 16 of the C.P.L.R.

**AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUD BY OMISSION**

**(As to All Defendants)**

99.    Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified

Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

100.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN

FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY

MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their

agents, servants and/or employees owed Plaintiff a duty under the covenant of good faith and fair

dealing.

101.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN

FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY

MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their

agents servants and/or employees with the intent to deceive and/or defraud Plaintiff materially

misrepresented Mr. Robb's assets, which they were required under the settlement agreement to

disclose, by omitting Mr. Robb's interest and/or investment in Unifund which, upon information

and belief, has a value between $4,000,000.00 and $10,000,000.00 and provides Mr. Robb with

an annual income between $440,000.00 and $1,100,000.00 per year.

102.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN

FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY

MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their

agents, servants and/or employees were aware of the omission of material information and falsity

of Mr. Robb's financial statements and other materially misrepresented facts at the time they

presented the facts, including the financial statements, to Plaintiff.

103.    The intentionally omitted material information was preculiaryly within the knowledge of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees and the information could not have been discovered by Plaintiff through an exercise of ordinary intelligence.

104.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees acted knowingly with the intent to deceive and/or defraud Plaintiff and induce her reliance on the representations made by Defendants in an effort to get her to enter into a settlement agreement in the CVA Lawsuit for the sum indicated in said agreement.

105.    At all times herein mentioned, Plaintiff reasonably and justifiably relied on the material misrepresentations provided to her by Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees to her own detriment.

106.    As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

107. As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

108. By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

109. By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

110.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

111.     This action falls within the exceptions of Article 16 of the C.P.L.R.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT

### (As to All Defendants)

112.     Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

113.     At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, acted with an intent to deceive and/or defraud Plaintiff when they materially misrepresented Mr. Robb's assets to Plaintiff including, but not limited to, Mr. Robb's actual control and interest in GR 2002 Trust and/or REMCO, LLC, Mr. Robb's investment in Unifund, Mr. Robb's annual income from the Unifund Investment, how Mr. Robb was effectively judgment proof and how Plaintiff's only chance to recover from Mr. Robb in the CVA Lawsuit was to settle.

114.     Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, had a duty to disclose the materially misrepresented and omitted facts regarding Mr. Robb's financial condition under the covenant of good faith and fair dealing and the terms of the settlement agreement.

115.    Plaintiff reasonably relied on the omissions and material misrepresentations of Mr. Robb's assets by agreeing to settle the CVA Lawsuit for $3,750,000.00 to her own detriment based on the information provided to her by Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, and the assurances agreed upon and made in the settlement agreement and the voluminous financial disclosures Mr. Robb made to Plaintiff.

116.    As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

117.    As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

118.    By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

119.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

120.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

121.    This action falls within the exceptions of Article 16 of the C.P.L.R.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT**

**(As to Defendants George Robb Jr., Glen Feinberg and Coffey Modica)**

122.    Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

123.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or

employees, acted with an intent to deceive and/or defraud Plaintiff when they materially misrepresented Mr. Robb's assets, ability to pay a judgment and intent to comply with the terms of the settlement agreement including, payment of the agreed upon settlement amount, agreement to immediately proceed to trial in the CVA Lawsuit if Mr. Robb defaulted on the settlement payments, Plaintiff's right under the settlement agreement to take possession or title of any asset of Mr. Robb that was not disclosed by Mr. Robb or Mr. Feinberg in the event it was discovered before the settlement agreement was paid in full.

124.    Defendants GEORGE ROBB JR., GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees provided Plaintiff with the above assurances knowing Plaintiff would not agree to settle the CVA Lawsuit without the same, knowing that Plaintiff would not agree to settle the CVA Lawsuit for the amount agreed to in the settlement agreement and knowing that Mr. Robb had no intention to comply with the terms of the settlement agreement and with the intent to prevent Plaintiff from exercising her rights under the settlement agreement in an effort to avoid the damages only trial in the CVA Lawsuit and embarrassment to Defendant.

125.    Defendants GEORGE ROBB JR., GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees knew that Mr. Robb and Mr. Feinberg had materially misrepresented Mr. Robb's assets despite acknowledging in the settlement agreement that Plaintiff had relied on the same in entering into the agreement, and they knew that Mr. Robb  had no intention of complying with the terms of the settlement agreement when the agreement was negotiated and entered into on the eve of trial in the CVA Lawsuit.

126.    Plaintiff reasonably and justifiably relied on the financial disclosures made by Mr. Robb and Mr. Feinberg, as acknowledged by Mr. Robb in the settlement agreement, based on the assurances, acknowledgements and protections the agreement afforded Plaintiff in the event of Mr. Robb's breach.

127.    As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

128.    As a direct and proximate result of the aforementioned conduct of Defendants GEORGE ROBB JR., GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement, as well as recovery of the settlement she was required under the settlement including but not limited to undisclosed assets.

129.    By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive

and exemplary damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

130.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

131.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

132.    This action falls within the exceptions of Article 16 of the C.P.L.R.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR AIDING AND ABETTING FRAUD

### (As to Defendants Glen Feinberg, Fullerton Beck and Coffey Modica)

133.    Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

134.    Defendant GEORGE ROBB JR. and/or his agents, servants and/or employees acted knowingly and with an intent to deceive and/or defraud when he materially misrepresented and omitted material facts to Plaintiff including, but not limited to, his ability to pay a judgment, his financial condition, the full value of his assets, his interest and control in GR 2002 Trust and REMCO, LLC, and his investment in Unifund in an attempt to induce reliance by Plaintiff on Mr. Robb representations and enter into a settlement agreement, and that he would pay the settlement and comply its terms.

135.    At all times herein mentioned, Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and/or their agents, servants and/or employees were aware of the fraud by Defendant GEORGE ROBB JR.

136.    At all times herein mentioned, Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and/or their agents, servants and/or employees provided substantial assistance to Mr. Robb in perpetrating the fraud by transmitting and representing to Plaintiff, her counsel and the Court, the materially false facts and agreeing to omit material facts regarding Mr. Robb's financial condition.

137.    As a direct and proximate result of the aforementioned conduct of Defendants GLEN FEINBERG, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

138.    As a direct and proximate result of the aforementioned conduct of Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

139.     By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

140.     By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

141.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

142.     This action falls within the exceptions of Article 16 of the C.P.L.R.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACT

**(As to Defendants Glen Feinberg, Fullerton Beck and Coffey Modica)**

143.     Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

144.     Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA

CAPOWSKY LLP, and/or their agents, servants and/or employees were aware of the valid settlement agreement between Plaintiff and Mr. Robb.

145.    Knowing of the valid contract between Plaintiff and Mr. Robb, Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and/or their agents, servants and/or employees intentionally received funds from Mr. Robb rendering him unable to comply with the first payment required under the settlement agreement without justification.

146.    As a result of Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and/or their agents, servants and/or employees intentional procurement of the funds necessary to make the first payment required under the settlement agreement, Mr. Robb breached the terms of the settlement agreement by failing to pay the first payment required under the settlement agreement.

147.    As a direct and proximate result of the aforementioned conduct of Defendants GLEN FEINBERG, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

148.    As a direct and proximate result of the aforementioned conduct Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of

money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

149.    By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

150.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

151.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

152.    This action falls within the exceptions of Article 16 of the C.P.L.R.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (As to Glen Feinberg, Fullerton Beck and Coffey Modica)

153.    Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

154.    At all times herein mentioned, GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY

MODICA O'MEARA CAPOWSKY LLP, were enriched at Plaintiff's expense by procuring money from Mr. Robb causing him to breach in the settlement agreement to pay "attorneys fees" for Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP, and/or their agents, servants and/or employees dilatory litigation tactics and repeated attempts to prolong litigation and trial despite Defendant GEORGE ROBB JR. admitting to sexually abusing his sister and having summary judgment on the issue of liability awarded against him.

155.    It would be against equity and good conscious to permit Defendants GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP, for retaining the funds paid to them, which should have been paid to Plaintiff in accordance with the settlement agreement.

156.    As a direct and proximate result of the aforementioned conduct of Defendants GLEN FEINBERG, and COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a  COFFEY MODICA O'MEARA CAPOWSKY LLP and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish, and should recover assets improperly paid to Defendants that should have been paid o Plaintiff.

157.    As a direct and proximate result of the aforementioned conduct Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of her injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of

money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

158.    By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendants GLEN FEINBERG, and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

159.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

160.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

161.    This action falls within the exceptions of Article 16 of the C.P.L.R.

## AS AND FOR A EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT

### (As to George Robb Jr)

162.    Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

163.    Defendant GEORGE ROBB JR. has been and will continue to be enriched at Plaintiff's expense by his collection of between $440,000.00 and $1,100,000.00 annually from

the interest of the undisclosed Unifund investment despite his failure to disclose the asset, failure to disclose the income, and the agreement that Plaintiff would be entitled to take possession or title of any undisclosed asset at her option.

164.    As a result, Plaintiff is entitled to the interest payments on the Unifund investment and has tried to exercise said option, but Defendant GEORGE ROBB JR., by and through his agents, servants and/or employees including Defendant GLEN FEINBERG has refused to turnover the undisclosed asset or even advise the assets full value.

165.    It would be against equity and good conscious as well as against the explicit terms of the settlement to permit Defendant GEORGE ROBB JR. from retaining the interest payments from the Unifund investment that he has received since the settlement agreement was entered into and that he continues to receive, as Plaintiff has attempted to exercise her option to take possession and/or title of the same.

166.    As a direct and proximate result of the aforementioned conduct of Defendant GEORGE ROBB JR. and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

167.    As a direct and proximate result of the aforementioned conduct Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement.

168.     By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR., in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendant GEORGE ROBB JR., in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

169.     By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

170.     The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

171.     This action falls within the exceptions of Article 16 of the C.P.L.R.

### AS AND FOR A NINTH CAUSE OF ACTION FOR BREACH OF CONTRACT

### (As to George Robb Jr.)

172.     Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

173.     At all times herein mentioned, Defendant GEORGE ROBB JR. intended to and did enter into a contract with Plaintiff.

174.     At all times herein mentioned, Plaintiff performed under the contract by forbearing from pursuing collection of the Judgment entered against Mr. Robb pending Mr. Robb's full compliance with the terms and conditions of the agreement.

175.     At all times herein mentioned, Defendant GEORGE ROBB JR. failed to perform under the contract by failing to disclose all assets as part of the statement of financial condition,

by failing to turnover the undisclosed assets to Plaintiff, by failing to make the first payment under the settlement agreement, by, through his agents, servants and/or employees, and objecting to the Court scheduling an immediate trial.

176.    As a direct and proximate result of the aforementioned conduct of Defendant GEORGE ROBB JR. and/or their agents, servants and/or employees, Plaintiff has sustained in the past and will continue to sustain in the future, serious and severe psychological injuries, emotional distress and mental anguish.

177.    As a direct and proximate result of the aforementioned conduct Plaintiff has incurred medical expenses and other economic damages, and will now be obligated to expend sums of money for medical care and attention in effort to cure herself of his injuries and to alleviate his pain and suffering, emotional distress and mental anguish and obligated to expend sums of money in an attempt to enforce the settlement agreement and enforce the Judgment against Mr. Robb which Mr. Robb had agreed to pay in the settlement agreement and comply with its terms, plaintiff's collateral and scheduling an immediate trial.

178.    By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR., in such sums as a jury would find fair, just and adequate and Plaintiff is further entitled to punitive and exemplary damages from Defendant GEORGE ROBB JR., in such sums as a jury would find fair, just and appropriate to deter Defendants and others from future similar misconduct.

179.    By reason of the foregoing, Defendants are liable to Plaintiff in an amount to be determined by the Court, but reasonably believed and expected to be in excess of $3,750,000.00, and disgorgement of all compensation received by Defendants Feinberg, Fullerton Beck and Coffey Modica.

180.    The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

181.    This action falls within the exceptions of Article 16 of the C.P.L.R.

## AS AND FOR A TENTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (As to All Defendants)

182.    Plaintiff repeats reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive and with the same force and effect as if hereinafter set forth at length.

183.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, and/or their agents, servants and/or employees knew or reasonable should have known that committing fraud, fraudulently inducing Plaintiff to enter into the settlement agreement, Mr. Robb's failure to comply with the terms of the settlement agreement, and other improper conduct against Plaintiff would and did proximately result in emotional distress to Plaintiff.

184.    At all times herein mentioned, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, and/or their agents servants and/or employees had the power, ability, authority and duty to intervene with and/or stop the improper conduct that resulted in Plaintiff's harm as more fully set forth herein.

185.    At all times herein mentioned, despite said knowledge, power and duty, Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA

CAPOWSKI, LLP, and/or their agents, servants and/or employees negligently failed to act so as to stop, prevent and prohibit the improper conduct that resulted in Plaintiff's harm as more fully set forth herein.

186. By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, in such sums as a jury would find fair, just and adequate, and Plaintiff is further entitled to punitive and exemplary damages from Defendants GEORGE ROBB JR., GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, in such sums as a jury would find fair, just and appropriate to deter it and others from future similar misconduct.

187. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

188. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As to All Defendants)

189. Plaintiff repeats, reiterates and realleges each preceding paragraph of this Verified Complaint, inclusive with the same force and effect as if hereinafter set forth at length.

190. At all times herein mentioned, Defendants GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, and/or

their agents, servants and/or employees engaged in outrageous conduct toward Plaintiff with the intention to cause, or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress by committing fraud and other improper conduct against her.

191.     As a direct and proximate result of the aforementioned conduct committed by Defendants GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, and/or their agents servants and/or employees against Plaintiff, she has suffered and continues to suffer extreme mental distress, humiliation, anguish and emotional injuries, as well as economic losses, all his damage in amounts to be proven at trial.

192.     At all times herein mentioned, Defendants GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, and/or their agents, servants and/or employees committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff from an improper evil motive amounting to malice and in conscious disregard of Plaintiff's rights, entitling Plaintiff to recover damages from Defendants GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, in amounts to be proven at trial.

193.     By reason of the foregoing, Plaintiff is entitled to compensatory damages from Defendants GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, in such sums as a jury would find fair, just and adequate, and Plaintiff is further entitled to punitive damages and exemplary damages from Defendants

GEORGE ROBB JR. GLEN FEINBERG, FULLERTON BECK, LLP and/or COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARM LLP f/k/a/ COFFEY MODICA O'MEARA CAPOWSKI, LLP, in such sums as a jury would find fair, just and appropriate to deter them and others from future similar misconduct.

194.    The among of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

195.    This action falls within the exceptions of Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff demands judgment against Defendants in such sum as a jury would find fair, adequate and just containing the following relief:

A.    A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violated the laws of the State of New York;

B.    An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm; and/or compensatory harm, including but not limited to, compensation for physical anguish and mental anguish; all other monetary and non-monetary losses suffered by Plaintiff; and that by reason of the foregoing, Plaintiff sustained damages in a sum, pursuant to CPLR §3017, which exceeds the jurisdictional limits of all lower courts;

D.    An award for punitive damages;

E.    An award of costs Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law;

F.   Disgorgement of all attorneys fees paid to Defendants Glen Feinberg, Fullerton Beck and/or Coffey Modica as a result of the improper conduct above;

G.   An award granting Plaintiff's collateral of Defendants undisclosed assets in accord with the settlement agreement;

H.   An Order scheduling an immediate trial in accord with the settlement agreement; and

I.   Such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
      May 9, 2024

                                        MERSON LAW, PLLC

                                        By: _____
                                        Jordan K. Merson
                                        Sarah R. Cantos
                                        Attorneys for Plaintiff
                                        950 Third Avenue, 18th Floor
                                        New York, New York 10022
                                        (212) 603-9100

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-------------------------------------------------------------------X
**KATHRYN ROBB,**

                        *Plaintiff,*

Index No.: _____/24

         **-against-**

**GEORGE ROBB JR., GLEN FEINBERG, COFFEY MODICA, LLP f/k/a COFFEY MODICA O'MEARA, LLP f/k/a COFFEY MODICA O'MEARA CAPOWSKY LLP, and FULLERTON BECK, LLP,**

                     *Defendant.*

**ATTORNEY VERIFICATION**

-------------------------------------------------------------------X

      **JORDAN K. MERSON, ESQ.** an attorney duly admitted to practice law before the Courts of the State of New York, and a member of **MERSON LAW, PLLC,** attorneys for Plaintiff **KATHRYN ROBB** ("Plaintiff") in the within action, hereby affirms the following under the penalty of perjury:

      That he has read the within Verified Complaint and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

      That the sources of his information and knowledge are the investigations and records in the file maintained by his office.

      That the reason that this Verification is made by him and not Plaintiff is that Plaintiff does not reside in the County where the attorney has his office.

Dated: New York, New York
        May 9, 2024

_____
JORDAN K. MERSON